UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH R. WEST (#3273)

VERSUS                                              CIVIL ACTION

E.L.M.H.S., ET AL                                   NUMBER 15-206-JWD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 6, 2015.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH R. WEST (#3273)

VERSUS                                             CIVIL ACTION

E.L.M.H.S., ET AL                                  NUMBER 15-206-JWD-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff filed a Motion to Protective Order which shall be treated as a motion for preliminary injunction. Record document number 6.

For the reasons which follow, the motion should be denied.

**I. Factual Background**

Pro se plaintiff, a detainee at the East Louisiana Mental Health System, Forensic Division (hereafter "ELMHS"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against ELMHS, the State of Louisiana, Dr. J. Brad McConeville, and CEO Hampton Lea. Plaintiff alleged that on or about June 19, 2014, he provided a written statement to officials accusing officer Andrew Whitfield of smuggling contraband into the facility and giving it to detainee Kirby "Ramone" Robison.

Plaintiff alleged that on June 20, 2014, he was instructed to pack his belongings for a transfer to housing unit I-T-U/3. Plaintiff alleged that he informed Lt. McKey that he could not be housed on Ward 3 because detainee Robison had friends on that unit.

Plaintiff alleged that Lt. McKey told him that Dr. McConeville confirmed that the plaintiff should be assigned to Ward 3. Plaintiff alleged that he was told that he could request to be sent to maximum security but instead he opted to go to Ward 3.

Plaintiff alleged that on June 20, 2014, at approximately 7:10 p.m., while he was laying in his bed, detainee Levar Allan entered the sleeping area and attacked him with a wooden stick. Plaintiff got out of bed, called out for help and attempted to restrain Allan. Plaintiff then ran to the day room where security officers were located. Plaintiff received medical treatment following the incident. Plaintiff alleged that Allan is housed on another ward in the same building. Plaintiff alleged that he continues to fear for his safety from Allan, Robison and other unknown associates of Robison.

## II. Applicable Law and Analysis

Plaintiff filed a motion for preliminary injunction seeking an "order of protection" and transfer to "a safe place of incarceration," i.e. another facility. Plaintiff complained that he should not have his liberty restricted simply because his attacker is housed in the same facility.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable

injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act, preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to not be irreparable and it can be compensated for monetarily should the plaintiff prevail in this action. Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Motion to Protective Order, treated as a motion for preliminary injunction, be denied.

Baton Rouge, Louisiana, May 6, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE